UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STEPHANIE HARRIS, et al., | CASE NO. C16-1683JLR |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| BRAD MOORE, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court are two motions for attorneys' fees: (1) Plaintiffs Stefanie Harris, Margaret Harris, and Scott Harris's (collectively, "the Harrises") motion for fees (Harris Fees Mot. (Dkt. # 17)); and (2) Defendant Brad Moore's motion for fees, which Mr. Moore filed as personal representative of the Griffith Estate (Griffith Fees Mot. (Dkt. # 19)). Both motions arise from the court's order remanding this case to King County Superior Court for the second time. (*See* 3/1/17 Order (Dkt. # 16) at 5-6.) Defendant Travelers Home and Marine Insurance Company ("Travelers") opposes the motions.

(Fees Resp. (Dkt. # 21)).) Having considered the parties' submissions, the relevant portions of the record, and the applicable law, the court GRANTS in part and DENIES in part the Harrises' motion and GRANTS the Griffith Estate's motion.

## II. BACKGROUND

In its recent order of remand, the court thoroughly recounted the facts underlying this case, which is one of several legal actions arising from a fatal automobile accident. (3/1/17 Order at 2-6.) The court granted the Harrises' and the Griffith Estate's motions to remand. (*Id.* at 7-11.) After also finding that Travelers lacked an objectively reasonable basis for removal, the court granted the Harrises' and the Griffith Estate's requests for fees in conjunction with remand. (*Id.* at 11-12 (citing 28 U.S.C. § 1447(c)).) Accordingly, the court directed the parties to submit letter briefs in support of and in opposition to reasonable costs and attorneys' fees. (*Id.* at 13.) Those letter briefs are now before the court.[1] (*See* Harris Fees Mot.; Griffith Fees Mot.)

## III. ANALYSIS

As a threshold matter, the court rejects Travelers's belated attempt to relitigate whether the court should be award fees at all. (*See* Fees Resp. at 1-2.) In their motions to remand, the Harrises and the Griffith Estate explicitly sought fees pursuant to 28 U.S.C. § 1447(c). (*See* Harris MTR (Dkt. # 6) at 16-17; Griffith MTR (Dkt. # 8) at 5.) The court concluded that Travelers lacked an objectively reasonable basis for removal and

//

---

[1] Although the court awarded both costs and fees to the Harrises and the Griffith Estate, neither party seeks any costs associated with removal. (*See generally* Harris Fees Mot.; Griffith Fees Mot.)

awarded costs and fees to the Harrises and the Griffith Estate. (3/1/17 Order at 12.) In its response, Travelers acknowledges this portion of the court's order and effectively moves for reconsideration on that issue. (Fees Resp. at 1-2.) But Travelers fails to satisfy the procedural requirements or the substantive standard on a motion for reconsideration. *See* Local Rules W.D. Wash. LCR 7(h)(1) (requiring a showing of "manifest error" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence"), 7(h)(2) ("A motion for reconsideration shall be plainly labeled as such."). The court accordingly rejects Travelers's improperly presented argument that no fees should be awarded and turns to the reasonableness of the requested fees.

A.   **Legal Standard for Reasonable Attorneys' Fees**

"Under a fee-shifting statute" such as 28 U.S.C. § 1447(c), "the court 'must calculate awards for attorney[s'] fees using the 'lodestar' method." *Staton v. Boeing Co.*, 37 F.3d 938, 965 (9th Cir. 2003) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)); *see also Sankary v. Ringgold*, 601 F. App'x 529, 530 (9th Cir. 2015) (unpublished). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Courts in the Ninth Circuit look to the factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), to determine the overall reasonableness of a fee request:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case,

(5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

See also Ferland, 244 F.3d at 1149 n.4 (citing Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1046 (9th Cir. 2000)) ("[T]he district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.").

B.   The Harrises' Motion

The court agrees with Travelers that the $20,000.00 to $27,500.00 lodestar that the Harrises request is insufficiently supported and unreasonable. (See Fees Resp. at 2.) The Harrises' lead counsel, Andrew Hoyal, attests that he spent more than 40 hours preparing the motion to remand and at least 10 hours on the reply brief. (Hoyal Decl. ¶¶ 7-8.) However, the Harrises provide minimal detail regarding how Mr. Hoyal spent this time. (See id.) Furthermore, the Griffith Estate's counsel, Jennifer P. Murray, has considerably less experience than Mr. Hoyal and obtained the same result in 20.1 hours. (Murray Decl. (Dkt. # 20) ¶¶ 3-6.)

The Harrises "took the laboring oar" in briefing the motion to remand and were therefore justified in expending more attorney hours than the Griffith Estate. (Murray Decl. ¶ 8.) Whereas the Harrises prepared a full motion for remand, the Griffith Estate joined the Harrises' motion and addressed only select issues. (See generally Harris MTR; Griffith MTR; see also Murray Decl. ¶ 8.) However, the court cannot conclude that it was reasonable for Mr. Hoyal, who is considerably more experienced—and presumably

ORDER - 4

more efficient—than Ms. Murray, to spend fully 2.5 times the number of hours that Ms. Murray spent to obtain the same result. The lack of detailed records precludes the court from precisely parsing the time that Mr. Hoyal spent on the motion to remand. (*See* Hoyal Decl. ¶¶ 7-8.) Accordingly, based on the differences in briefing between the Harrises and the Griffith Estate and the efficiency advantage that Mr. Hoyal's experience should have provided, the court concludes that it was reasonable for Mr. Hoyal to spend 50 percent more hours than Ms. Murray spent, or 30.2 hours, briefing the remand issue.

The Harrises also argue that Mr. Hoyal's reasonable hourly rate for this work is between $400.00 and $550.00 per hour. (Harris Fees Mot. at 2; Hoyal Decl. ¶¶ 6, 10-11.) The court finds $400.00 per hour is a reasonable rate for a complex remand motion briefed by a lawyer with Mr. Hoyal's experience. (*See* Hoyal Decl. ¶¶ 3-6.) Travelers impugns the Harrises' allocation of resources by contrasting Mr. Hoyal's work with the work of Ms. Murray, who bills at less than half the rate and "achieved the same result for one-seventh the cost." (Fees Resp. at 2.) But Ms. Murray relied on Mr. Hoyal to "spell[] out the complex procedural and factual history" and address "the unique legal issues" related to remand. (Murray Decl. ¶ 8.) Moreover, the court has already reduced the reasonable hours expended by Mr. Hoyal, in part to account for the efficiency that stems from his experience. It would therefore be inconsistent to also reduce the reasonable hourly rate on the basis that the remand motion did not need to be briefed by such an experienced lawyer. (*See* Fees Resp. at 2.)

After reducing Mr. Hoyal's total hours and applying an hourly rate of $400.00, the court calculates a lodestar of $12,080.00. This amount adequately contemplates the

applicable *Kerr* factors, and the court therefore concludes that no further adjustment is warranted. *Cf. Ferland*, 244 F.3d at 1149 n.4.

## C. The Griffith Estate's Motion

The Griffith Estate seeks between $2,814.00 and $3,618.00 in fees based on the 20.1 hours that Ms. Murray expended and her typical rate of between $140.00 and $180.00 per hour. (Griffith Fees Mot. at 1-2; Murray Decl. ¶ 6.) Travelers does not object to the Griffith Estate's motion for fees, which it characterizes as "a more appropriate effort." (Fees Resp. at 2.) However, neither party provides the court with any rationale for choosing an appropriate hourly rate within the range that Ms. Murray bills. (*See* Murray Decl. ¶ 9.) Remand motions are typically not particularly novel or difficult, but this case involved complex facts and atypically nuanced law. *See Kerr*, 526 F.2d at 7; (3/1/17 Order at 2-6.) However, Ms. Murray took a back seat to Mr. Hoyal in briefing the remand issue. (*See generally* Griffith MTR; Murray Decl. ¶ 8.) The court concludes that an award in the middle of Ms. Murray's range of hourly rates is reasonable. Accordingly, the court calculates Ms. Murray's lodestar based on an hourly rate of $160.00 per hour and awards the Griffith Estate $3,216.00 in reasonable attorneys' fees.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part the Harrises' motion for fees (Dkt. # 17) and GRANTS the Griffith Estate's motion for fees (Dkt. # 19). The court awards the Harrises $12,080.00 in reasonable attorneys' fees

//

1 | and awards the Griffith Estate $3,216.00 in reasonable attorneys' fees. The fees must be

2 | paid no later than May 5, 2017.

3 | Dated this 16th day of April, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 7